# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2443 JCH |
| | ) | |
| CITY OF FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

-2-

**The Complaint**

Plaintiff brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Plaintiff alleges that an employee of the City of Ferguson named Mary refused to notarize medical documents he presented to her because the documents had already been signed at the time he presented them to her. Plaintiff states in a conclusory fashion that Mary's actions were a deprivation of some unnamed civil rights under § 1983, in addition to an unlawful act of unspecified race discrimination.

**Discussion**

To state a claim against a municipality, plaintiff must allege that a policy or custom of the City of Ferguson is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of the City of Ferguson was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915.

Even if plaintiff had named an individual defendant in this lawsuit, rather than simply a municipal entity, his claim would not have survived initial review under 28 U.S.C. § 1915.  Plaintiff's conclusory allegations offer nothing more than a

"[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth.  Iqbal, 129 S. Ct. at 1949.  There are no non-conclusory allegations that would show that defendant was deprived of any rights provided to him under the Constitution or discriminated against because of his race; thus, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949. Additionally, plaintiff's allegation that Mary Unknown discriminated against him because of his race is not the most plausible conclusion in light of the fact that she explained the reason for being unable to notarize the documents he brought with him to the City's offices.  C.f. Iqbal, 129 S. Ct. at 1950, 1951-52.  As a result, the Court will dismiss this action for failure to state a claim upon which relief can be granted.  To the extent plaintiff has alleged state law claims for relief, these claims will be denied without prejudice pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

-4-

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought state law claims for relief, these claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>5th</u> day of December, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE